IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCHYLER GOODWIN, )
 )
        Plaintiff, )
 )
vs. )
 )
DALE GOODWIN, LINDA GOODWIN, )
and G S BANCSHARES, INC., )
 )
        Defendants. )

## VERIFIED COMPLAINT

Plaintiff Schyler Goodwin states and alleges the following Verified Complaint.

1. Plaintiff Schyler Goodwin is an individual who resides in the State of Ohio.

2. Defendant Dale Goodwin is an individual who resides in the State of Kansas and may be served with process at 716 East 5th Street, Goodland, Kansas 67735. Dale Goodwin is an officer, director, and with his wife Linda Goodwin, controlling stockholder of G S Bancshares, Inc.

3. Defendant Linda Goodwin is an individual who resides in the State of Kansas and may be served with process at 716 East 5th Street, Goodland, Kansas 67735. Linda Goodwin is an officer, director, and with her husband Dale Goodwin, controlling stockholder of G S Bancshares, Inc.

4. Defendant G S Bancshares, Inc. (the "Corporation") is a registered bank holding company and corporation organized and existing under the laws of the State of Kansas with its principal place of business in Goodland, Kansas. The Corporation may be served through Dale Goodwin at 924 Main Avenue, Goodland, Kansas 67735.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum of $75,000, and there is complete diversity between plaintiff and defendants. The Corporation is under the control of Dale Goodwin and Linda Goodwin, whose interests are antagonistic to plaintiff's interests, and thus the Corporation is properly aligned as a defendant in this action.

6. This Court has personal jurisdiction over defendants based on their Kansas residence and citizenship.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (b)(2) and § 1401.

## ALLEGATIONS COMMON TO ALL COUNTS

8. The Corporation is a Subchapter S corporation that owns BankWest of Kansas (the "Bank"), a Kansas state-chartered bank with a home office in Goodland, Kansas.

9. Plaintiff currently owns, and at all times relevant did own or control, 38.73 shares of common stock in the Corporation.

10. The Corporation's board of directors (the "Board") is comprised of Dale Goodwin, Linda Goodwin and Lora Rose.

11. Dale Goodwin and Linda Goodwin, husband and wife, operate as a single voting and decisional unit and have no independence from each other at the Board or stockholder level.

12. By virtue of their Board control and majority stock ownership in the Corporation, Dale Goodwin and Linda Goodwin have ultimate authority over all decisions of the Corporation.

13. Any demand by plaintiff for the relief requested in this action would be futile because Dale Goodwin and Linda Goodwin control the Corporation, and both are named defendants in this action.

14. This action operates to the detriment of Dale Goodwin and Linda Goodwin, who face a substantial likelihood of liability, rendering any pre-suit demand on them futile.

15. Based on the controlling interest of Dale Goodwin and Linda Goodwin in the Corporation, there is reasonable doubt the Board could exercise independent and disinterested business judgment responding to any demand to hold Dale Goodwin and Linda Goodwin liable.

16. Dale Goodwin has a history of eliminating directors and advisors from the Board who oppose him.

17. Dale Goodwin and Linda Goodwin have rejected corporate governance at the Board level, refusing to share important operational and financial information with other directors in a complete and timely manner.

18. Dale Goodwin and Linda Goodwin have ignored advice and failed to consider in good faith the opinions of other directors and advisors to the Board, including advice regarding deployment of the Corporation's capital.

19. Dale Goodwin and Linda Goodwin have failed to provide stockholders with information they are entitled to receive about the Bank and the Corporation.

20. Dale Goodwin and Linda Goodwin have ignored corporate formalities by excluding directors from discussions that should have occurred before the entire board, and excluding plaintiff from discussions that should have included all stockholders.

21. Dale Goodwin and Linda Goodwin have ignored corporate formalities by failing to keep and disseminate minutes of meetings.

22. Dale Goodwin and Linda Goodwin have refused to invest and deploy available capital of the Corporation to grow the Bank's loan portfolio and improve its operations to fuel future growth and stockholder returns, all to the detriment of the Corporation and its stockholders.

23. In public filings with the Federal Reserve Board, the Corporation reported ending 2013 with $1,942,000 in cash, $83,000 in total operating expenses, and $500,000 in dividends from the Bank.

24. The Corporation distributed no dividends to plaintiff during calendar year 2013.

25. In public filings with the Federal Reserve Board, the Corporation reported ending 2014 with $2,478,000 in cash, $340,000 in total operating expenses, and $1,000,000 in dividends from the Bank.

26. The Corporation distributed no dividends to plaintiff in calendar year 2014.

27. In public filings with the Federal Reserve Board, the Corporation reported ending 2015 with $2,312,000 in cash, $108,000 in total operating expenses, and $500,000 in dividends from the Bank.

28. The Corporation distributed no dividends to plaintiff in calendar year 2015.

29. In public filings with the Federal Reserve Board, the Corporation reported ending 2016 with $2,590,000 in cash, $209,000 in total operating expenses, and no dividends from the Bank.

30. The Corporation distributed no dividends to plaintiff in calendar year 2016.

31. In public filings with the Federal Reserve Board, the Corporation reported ending 2017 with $2,496,000 in cash, $95,000 in total operating expenses, and $500,000 in dividends from the Bank.

32. The Corporation distributed no dividends to plaintiff in calendar year 2017.

33. In public filings with the Federal Reserve Board, the Corporation reported ending 2018 with $2,694,000 in cash, $134,000 in total operating expenses, and no dividends from the Bank.

34. Plaintiff received a check from the Corporation on or about February 23, 2018 in the amount of $8,907.90, purportedly to cover plaintiff's 2017 tax liability.

35. Plaintiff received a check from the Corporation on or about February 13, 2019 in the amount of $7,602.70, purportedly to cover plaintiff's 2018 tax liability.

36. For the six-year period from January 1, 2013 to December 31, 2018, the Corporation received $2,500,000 in dividends from the Bank.

37. Based on his ownership percentage of 4.306108 percent, plaintiff would have received $107,652.70 had the Corporation distributed a pro rata portion of such dividends to him for the time period January 1, 2013 to December 31, 2018.

38. Instead, the Corporation distributed no dividends to plaintiff during calendar years 2013-2017, an insufficient amount to cover liabilities for tax years 2017 and 2018, and nothing for tax year 2019.

39. Plaintiff and other stockholders of the Corporation are required to pay income taxes on their pro-rata portions of any income earned by Corporation, regardless of whether the Corporation distributes any income or not.

40. As of December 31, 2018, the Corporation reported owning $2,483,000 in "other assets" that serve no apparent business purpose, including:

    A. The personal residence of Dale Goodwin and Linda Goodwin in Goodland, Kansas;

    B. A second house in Goodland, Kansas;

    C. The personal vacation home of Dale Goodwin and Linda Goodwin in Sun City, Arizona; and

    D. Approximately $400,000 in art and antiques.

41. Dale Goodwin and Linda Goodwin have occupied, possessed and used real estate, art and antiques owned by the Corporation, which are fringe benefits personal to them at the expense of the Corporation and its minority stockholders.

42. The Corporation has spent approximately $1 million to improve the personal residence of Dale Goodwin and Linda Goodwin, without the consent or approval of disinterested directors or minority stockholders.

43. Board and Stockholder minutes from January 2014 through March 2019 do not reflect any written valuation or Board review of the fringe benefits provided to Dale Goodwin and Linda Goodwin, any arms-length lease agreements, or any written advice regarding appropriate tax treatment of the fringe benefits.

44. At the Corporation's stockholder meetings in January 2018 and January 2019, plaintiff raised concerns regarding the condition of the Bank, a lack of transparency with stockholders, and the Corporation's dividend policy.

45. Plaintiff requested that his concerns be memorialized in the minutes, but his request was denied.

46. Plaintiff fairly and adequately represents the interests of similarly situated minority stockholders in enforcing the rights of the Corporation.

47. This is not a collusive action to confer jurisdiction the Court otherwise would lack, and this action is properly brought in this Court.

## COUNT 1
## Breach of Fiduciary Duty

48. Plaintiff restates and incorporates by reference paragraphs 1-47.

49. At all times relevant, Dale Goodwin and Linda Goodwin owed fiduciary duties of care, loyalty, fidelity and good faith to act in the best interests of the Corporation and its stockholders.

50. Dale Goodwin and Linda Goodwin breached their fiduciary duties by the acts and omissions in paragraphs 11, 16-22, 24, 26, 28, 30, 32, 38, 40-43 and 45.

51. Plaintiff, the Corporation and its stockholders have suffered and will continue to suffer damages in excess of $75,000 as a direct and proximate result of their breach.

WHEREFORE, plaintiff Schyler Goodwin respectfully requests judgment against Dale Goodwin and Linda Goodwin on Count 1 of the Verified Complaint, for damages in excess of $75,000, for attorneys fees, costs and interest, and for such other relief as the Court deems just and fair.

### COUNT 2
### Negligence

52. Plaintiff restates and incorporates by reference paragraphs 1-47.

53. At all times relevant, Dale Goodwin and Linda Goodwin had a duty to exercise the degree of care and skill which would be used by reasonably competent officers, directors and controlling stockholders under similar circumstances.

54. Dale Goodwin and Linda Goodwin breached their duties by the acts and omissions in paragraphs 11, 16-18, 20, 22, 40-43 and 45.

55. Plaintiff, Bancshares and its stockholders have suffered and will continue to suffer damages in excess of $75,000 as a direct and proximate result of their breach.

WHEREFORE, plaintiff Schyler Goodwin respectfully requests judgment against Dale Goodwin and Linda Goodwin on Count 2 of the Verified Complaint, for damages in excess of

$75,000, for attorneys fees, costs and interest, and for such other relief as the Court deems just and fair.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial as to all issues triable to a jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Topeka, Kansas as the place of trial.

Respectfully submitted,



By /s/  Matthew T. Geiger
    Matthew T. Geiger    KS # 19205
    Benjamin R. Prell    KS # 21244
    10000 College Blvd., Suite 100
    Overland Park, Kansas 66210
    913-661-2430 (telephone)
    913-362-6729 (facsimile)
    mgeiger@geigerprell.com
    bprell@geigerprell.com

ATTORNEYS FOR PLAINTIFF

## VERIFICATION

STATE OF OHIO            )
                         ) ss
COUNTY OF FRANKLIN       )

Schyler Goodwin states under oath the facts alleged in paragraphs 1-55 of this Verified Complaint are true and correct to the best of his knowledge, information and belief.

_____
Schyler Goodwin

Subscribed and sworn to before me

January ___8th___, 2020.

_____
Notary Public

My commission expires: March 5, 2023

9